UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC DAHAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>SELIP & STYLIANOU, LLP,<br><br>Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff MARC DAHAN (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Varacalli & Hamra, LLP against Defendant SELIP & STYLIANOU, LLP (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §

1

1692, *et seq.* ("FDCPA").

4. Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its Corporate Headquarters located in New York.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- The class consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about February 1, 2017; and (a) the collection letter was sent to a consumer seeking payment of

a personal debt purportedly owed to Discover Bank ("Creditor"); and (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, for sending a collection letter which, among other things, fails to adequately inform and/or misleads the consumer regarding potential IRS tax consequences.

- The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.   Whether Defendant violated various provisions of the FDCPA;

    b.   Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if

3

so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**ALLEGATIONS PARTICULAR TO MARC DAHAN**

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to February 1, 2017, an obligation was allegedly incurred by Plaintiff to Creditor.

14. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

16. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

17. At a time known only to Defendant, Creditor, directly or through an intermediary, contracted Defendant to collect on alleged debt owed by Creditor.

18. This debt was purportedly transferred to Defendant from Creditor at a time only known to the Defendant for the purpose of collection.

19. In its effort to collect on same, Defendant contacted Plaintiff by written correspondence on February 1, 2017. (**Exhibit A**).

20. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

21. Said communication states that the creditor to whom the debt is owed is Creditor.

22. Said Communication further states that the Total Amount Due: $16,753.31.

23. Said Communication further states, "Settling a debt for less than the balance owed may have tax consequences and Discover may file a 1099C form. We cannot provide you with tax advice. If you have any questions, Discover encourages you to consult a tax adviser of your choosing."

24. As set forth in the following Counts, Defendant's communication violated the FDCPA.

### First Count
### Violation of 15 U.S.C. § 1692e, *et seq*
### False or Misleading Representations

25. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

27. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

28. For purposes of 15 U.S.C. § 1692e, the failure to clearly provide the consumer with complete and accurate information notifying them of their rights and obligations is unfair and deceptive to the least sophisticated consumer.

29. Under 26 C.F.R. §1.6050P-1(d)(2) and (3), only the discharge of principal need be reported:

> (2) Interest. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.

>   (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

30. It is thus entirely conceivable to forgive amounts of a debt and yet not report the balances forgiven to the Internal Revenue Service.

31. A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate.[1]

32. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

33. The language in the letter that states "Settling a debt for less than the balance owed may have tax consequences and Discover may file a 1099C form. We cannot provide you with tax advice. If you have any questions, Discover encourages you to consult a tax adviser of your choosing."

34. The Defendant fails to identify what portion of the alleged balance, represents the Principal.

35. The least sophisticated consumer would understand this statement to mean that Defendant is required by IRS regulations to report forgiveness of debt.

36. Although Defendant had no duty to disclose any potential tax ramifications,[2] when it

---

[1] *Pipiles v. Credit Bureau of Lockport, Inc*., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)
[2] See. *Altman v. J.C. Christensen & Assocs*., 786 F.3d 191, 194, 2015 U.S. App. LEXIS 7980, *7 (2d Cir. N.Y. 2015). "[T]he FDCPA does not require a debt collector to make any affirmative disclosures of potential tax consequences when collecting a debt.")

chooses to give tax disclosures, it must do so in a way that it will not mislead the least sophisticated consumer as to his or her tax consequences.

37. Current case law has made clear, that if debt collectors are providing tax advice with regards to the reporting of forgiveness of debt, they cannot provide vague, incomplete and misleading disclosures that leave out the essential element that the reporting of forgiveness of a debt happens **only if** the principal forgiven exceeds $600, and that reporting of forgiveness of a debt would not happen even if the amount is greater than $600, if the $600 or greater amount forgiven contained interest forgiveness, so long as the principal was less than $600.

38. The statement regarding the reporting of the forgiveness of debt coupled with the fact that Defendant failed to clearly identify what amount of the alleged balance represents the principal, is ambiguous, yet the vagueness and uncertainty does not erase the fundamental mischief and deception that the statement intends to cause to the consumer. A consumer reading this statement will be led to believe that if a settlement erases any amount of the debt, then the creditor is required to report the forgiveness of debt to the IRS, per the IRS regulations (creating by fear of the IRS another incentive for the consumer to pay the debt without erasing any amount through settlement). However, this statement is inherently deceptive and misleading, by giving erroneous and incomplete tax information, because in actual fact and according to IRS regulations, the creditor "**will not**" be required to report to the IRS report forgiveness of debt less than $600, nor would the creditor be required to report an amount greater than $600 in forgiveness if the amount contained interest.

39. If the creditor legitimately wishes to give tax advice in a sincere manner, one that does not mislead the consumer, then that creditor should specify and make clear to the least sophisticated consumer that only certain amounts require reporting, and that this applies only to principle and not to interest forgiveness.

40. Although, Defendant used the word balance in its notification, Defendant failed to identify what part of the balance represents the principal.

41. The creditor should specify what amounts are principle and what part of it is interest, in the amounts owed. Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to elicit a more substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

42. The letter attempts to make the debtor think that the IRS regulations require the reporting of all forgiveness of debt. The least sophisticated consumer would reasonably read the letter to mean that the creditor will report all forgiveness of debt as is required by IRS regulations.[3]

43. Defendant tends to give erroneous and/or incomplete tax advice to consumers.

44. Such a statement in a collection letter suggests to the least sophisticated consumer that failure to pay will get the consumer into trouble with the IRS. [4]

45. The statement in Defendant's February 1, 2017 letter is false and misleading, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

---

[3] *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35, 1996 U.S. App. LEXIS 1042, *13 (2d Cir. N.Y. 1996). (That a notice's terminology is vague or uncertain will not prevent it from being held deceptive under 1692e.)

[4] *Kaff v. Nationwide Credit, Inc.*, 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,); *Wagner v. Client Services, Inc.*, No.08-5546, 2009 WL 839073, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009); *Sledge v. Sands*, 182 F.R.D. 255 (N.D.Ill. 1998)

46. Defendant could have taken the steps necessary to bring its actions within compliance of the FDCPA, but neglected to do so and failed to adequately review its actions to ensure conformance to the law.

47. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

48. Defendant's conduct violates 15 U.S.C. § 1692e.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and

(b) certifying Plaintiff as Class representative, and Salim Katach, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 12, 2018

Respectfully submitted,

*/s/ Salim Katach*
Salim Katach, Esq.

>Varacalli & Hamra, LLP
>32 Broadway, Suite 1818
>New York, New York 10004
>Phone:  (646) 590-0571
>*Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

>*/s/ Salim Katach*
>Salim Katach, Esq.

Dated: January 12, 2018